# Exhibit A



CORPORATION SERVICE COMPANY

## Notice of Service of Process

TMM / ALL
Transmittal Number: 12749594
Date Processed: 07/21/2014

| | |
|---|---|
| Primary Contact: | Michael Perlberg<br>Levy Restaurants<br>980 N. Michigan Ave.<br>Chicago, IL 60611 |
| Entity: | Food Services Management By Mgr, LLC<br>Entity ID Number  3290223 |
| Entity Served: | Food Services Management by MGR, LLC |
| Title of Action: | Eric W. Roland vs. Food Services Management by MGR, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Fulton County State Court, Georgia |
| Case/Reference No: | 14EV001285B |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 07/18/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Steven W. West<br>404-872-7711 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 55738904
Date: Jul 16 2014 02:58PM
Cicely Barber, Clerk

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE NO. _____
*** NOTE-- DESIGNATED E-FILE CASE -- ANSWER AND ALL PLEADINGS MUST BE E-FILED ****
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Eric W. Roland
c/o Days & West, P.C.
Post Office Box 42847
Atlanta, Georgia 30311-0847

vs.

Food Services Management by MGR, LLC
c/o Corporation Service Company
40 Technology Parkway South, #300
Norcross, Georgia 30092

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Steven West, Esq., Days & West, P.C.

Address: Post Office Box 42847

City, State, Zip Code: Atlanta, Georgia 30311    Phone No.: 404 872 7711

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____

Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

3712

State Court of Fulton County
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 55742749
Date: Jul 16 2014 06:17PM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ERIC W. ROLAND,<br>　　　　Plaintiff, | : : : : | CIVIL ACTION<br>FILE NO. 14EV001285B |
| v. | : : | JURY TRIAL<br>DEMANDED |
| FOOD SERVICES MANAGEMENT<br>BY MGR, LLC and COMPASS GROUP<br>USA, Inc. d/b/a LEVY RESTARAUNTS<br>　　　　Defendant. | : : : : | |

## PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

COME NOW ERIC W. ROLAND ("Plaintiff"), by and through his attorney, and asserts his claims under the Fair Labor Standards Act of 1938, as amended ("FLSA"), for overtime compensation and other relief, on the grounds set forth below and amends his original complaint, in its entirety, as follows::

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant Food Services Management by MGR, LLC, and Defendant Compass Group USA, Inc. d/b/a Levy Restaurants as Fulton County is where this cause of action originated and Plaintiff seeks damages for torts, wrong, or injury done.

### PARTIES

3.

Plaintiff is a former employee of Defendants, having been employed by them from

-1-

approximately 2006 through February of 2012 in a position titled "staff services manager".

4.

Defendant Food Services Management by MGR, LLC ("Defendant MGR") is an Illinois limited liability company and is licensed to do business in the State of Georgia. Defendant MGR may be served with process through its registered agent, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

5.

Defendant Compass Group USA, Inc. d/b/a Levy Restaurants ("Defendant Levy") is a Delaware corporation and is licensed to do business in the State of Georgia. Defendant Levy may be served with process through its registered agent, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

## FACTUAL ALLEGATIONS

6.

Defendants are part of a conglomerate that is the largest food service company in the world. As such, Defendants are engaged in commerce nationwide. In or about 2006, Defendant Levy acquired Defendant MGR's interest as the sole food vendor for the Georgia World Congress Center ("GWCC"), the Georgia Dome ("Dome"), and Centennial Olympic Park ("COP").

6.

Upon information and belief, each defendant had gross revenues in excess of $500,000 in each of the years 2009, 2010, 2011 and 2012.

7.

Defendants are each employers within the meaning of the FLSA and controlled the

terms and conditions of employment of Plaintiff on a daily basis.

8.

At all relevant times herein, and from 2006 through February of 2012, Defendants employed Plaintiff as a "staff services manager" at the GWCC, the Dome and the COP.

9.

At all times relevant herein, Plaintiff was misclassified by Defendants as exempt from the overtime requirements of the FLSA.

10.

Plaintiff was, in fact, a non-exempt employee eligible for overtime compensation under the FLSA.

11.

Plaintiff was routinely scheduled to work and did, in fact, work in excess of forty hours per week, but was not paid overtime as required by the FLSA.

12.

Upon information and belief, each Defendant has failed to keep accurate records of the hours worked by Plaintiff, as required by the FLSA.

13.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA.

14.

Plaintiffs was required to be compensated at a rate of one and one half times his hourly rate for each hour worked in excess of forty hours in any given pay period.

15.

Defendants knew or should have known that the FLSA applied to Plaintiff.

16.

Upon information and belief, in failing or refusing to pay Plaintiff overtime as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to overtime.

17.

Defendants refused to adequately compensate Plaintiff for work in excess of forty hours per pay period, at the rates required by law.

18.

Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

19.

Defendant's conduct constitutes willful violations of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

CLAIM FOR RELIEF
VIOLATION OF 29 U.S.C. § 207 (Unpaid Overtime)

20.

Paragraphs 1 through 19 are incorporated herein by reference.

21.

Defendants' failure to compensate Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of the FLSA. Such violation was intentional and willful. Said violation gives rise to

a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation.

**WHEREFORE**, Plaintiff requests that this Court:

(a)   Take jurisdiction of this matter;

(b)   Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d)   Grant a trial by jury as to all matters properly triable to a jury;

(e)   Award Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due to Plaintiff, as required by the FLSA;

(f)   Award Plaintiff prejudgment interest on all amounts owed;

(I)   Award Plaintiff reasonable attorney's fees and costs; and

(j)   Award any and such other further relief this Court deems just, equitable and proper.

This __16__ day of July, 2014.

Steven W. West, Bar No. 748825
Attorney for Plaintiff

DAYS & WEST, P.C.
Post Office Box 42847
Atlanta, Georgia 30311
404-872-7711 Telephone

404-872-7710 Facsimile
attystevenwest@yahoo.com

-6-

## VERIFICATION

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, Eric W. Roland, who after being first duly sworn, states that the information contained in the foregoing amended Complaint is true and correct to the best of his knowledge.

This __16__ day of July, 2014.

_____
Eric W. Roland

Sworn to an subscribed before me
this __16__ day of July, 2014.

_____
Notary Public