# Exhibit A

## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between ERIC W. ROLAND, an individual, on behalf of himself, his spouse, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("ROLAND") on the one hand, and FOOD SERVICES MANAGEMENT BY MGR, LLC ("FOOD SERVICES") and COMPASS GROUP USA, INC. ("COMPASS GROUP") (collectively, "DEFENDANTS") on the other hand.

WHEREAS, a dispute exists between ROLAND and DEFENDANTS arising out of or generally relating to ROLAND's employment with and the termination of his employment by FOOD SERVICES, which resulted in the filing by ROLAND of a lawsuit that, subsequent to removal, is pending in the United States District Court for the Northern District of Georgia, Atlanta Division, titled <u>Eric W. Roland v. Food Services Management By MGR, LLC and Compass Group USA, Inc. d/b/a Levy Restaurants</u>, Case No. 1:14-cv-02660-AT (the "lawsuit");

WHEREAS, DEFENDANTS deny all of ROLAND's allegations and claims;

WHEREAS, ROLAND and DEFENDANTS wish to avoid further litigation and the associated legal costs and expenses; and

WHEREAS, ROLAND and DEFENDANTS desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by DEFENDANTS, to effect a full, complete, final, and binding settlement and compromise of all claims that ROLAND may have against DEFENDANTS from the beginning of time through the date of entry of this Agreement, with prejudice.

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, ROLAND and DEFENDANTS agree as follows:

**1. Dismissal Of The Lawsuit.** ROLAND agrees to immediately seek dismissal with prejudice of the lawsuit by filing a joint motion for settlement approval and stipulation of dismissal with the United States District Court for the Northern District of Georgia.

**2. Specific Waiver And Release Of All Claims.** In exchange for the consideration described in Paragraph 6, ROLAND irrevocably and unconditionally waives, releases, and forever discharges DEFENDANTS and their predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, shareholders, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively the "RELEASED PARTIES") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, and costs, including all statutory, regulatory, constitutional, contractual, or common law claims for wages, damages, attorneys' fees, unpaid costs, restitution, penalties,

interest, or equitable relief, such as any claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. or any state law claims related to hours worked or wages owed, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, that were pled or could have been pled in the lawsuit.

    **3.** **Covenant Not To Sue.** ROLAND also agrees not to sue any or all of the RELEASED PARTIES in any forum for any claim covered by the waivers and releases in Paragraph 2, except that ROLAND may bring a claim to enforce this Agreement. If ROLAND violates this Agreement by suing the RELEASED PARTIES, other than to enforce this Agreement, ROLAND shall be liable to such RELEASED PARTIES as are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit.

    **4.** **Rights And Claims Excluded From Agreement.** This Agreement does not waive any rights that cannot be waived by law and his right to participate in any agency investigation or proceeding. ROLAND is waiving, however, any right to recover money in connection with such a charge or investigation with respect to the claims released by this Agreement. ROLAND also is waiving any right to recover money in connection with a charge filed by any other individual or by any city, local, state, or federal agency with respect to any claims released by this Agreement.

    **5.** **Non-Admission Of Liability.** ROLAND also agrees that DEFENDANTS do not admit any allegations made against them in any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, or demands, including the lawsuit. ROLAND also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

    **6.** **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by ROLAND in this Agreement, DEFENDANTS agree to pay ROLAND the sum of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) within ten (10) days after ROLAND and DEFENDANTS sign this Agreement, ROLAND and ROLAND's lawyers, Days & West, P.C., complete, execute and submit Form W-9s to DEFENDANTS, and the lawsuit has been dismissed with prejudice, as follows:

        (a)    The sum of Two Thousand Six Hundred Nineteen Dollars and Seventy-One Cents ($2,619.71) as payment for ROLAND's alleged back pay damages, made payable to ROLAND. Applicable statutory deductions, including state and federal income taxes and Social Security taxes, shall be withheld by FOOD SERVICES from this sum. FOOD SERVICES shall issue a Form W-2 to ROLAND in connection with this payment;

        (b)    The sum of Two Thousand Six Hundred Nineteen Dollars and Seventy-One Cents ($2,619.71) as payment for ROLAND's alleged liquidated damages and/or interest on back wages, made payable to ROLAND. ROLAND agrees to indemnify and hold FOOD SERVICES harmless for any tax liability, penalty, interest, cost, or expense incurred by it as a result

of the fact that it did not deduct state and federal income taxes, Social Security taxes, or other withholdings from this sum, or otherwise treat the entire sum as taxable wages to ROLAND. FOOD SERVICES shall issue a Form 1099 to ROLAND in connection with this payment; and

(c) The sum of Two Thousand Two Hundred Sixty Dollars and Fifty-Eight Cents ($2,260.58) as payment for ROLAND's attorneys' fees and expenses, made payable to Days & West, P.C. FOOD SERVICES will issue a Form 1099 to Days & West, P.C. and ROLAND in connection with this payment.

7. **Employment Relationship Between ROLAND And FOOD SERVICES.** ROLAND also agrees to relinquish any and all rights to reemployment or reinstatement with FOOD SERVICES and to never seek or apply for rehire or employment in any capacity or position with FOOD SERVICES and its current and future related organizations, companies, divisions, subsidiaries, affiliates, and parents (including COMPASS GROUP), either directly, through a temporary agency, or by any other method. ROLAND also agrees that he shall not accept employment in any capacity or position with FOOD SERVICES or its current and future related organizations, companies, divisions, subsidiaries, affiliates, and parents (including COMPASS GROUP) at any time after the execution of this Agreement. If ROLAND violates this Paragraph 8 and becomes an employee of FOOD SERVICES or its current and future related organizations, companies, divisions, subsidiaries, affiliates, and parents (including COMPASS GROUP), ROLAND acknowledges and agrees that his employment relationship is null and void from its inception, his employment will be lawfully terminated effective the date he was purportedly hired, and that he shall not have any rights or recourse, legal or otherwise, against DEFENDANTS and their current and future related organizations, companies, divisions, subsidiaries, affiliates, and parents.

8. **Nondisparagement.** ROLAND also agrees that he has not made and will not make any statements, either oral or written, or take any other actions that disparage or reflect negatively on any or all of the RELEASED PARTIES.

9. **Neutral Reference.** ROLAND agrees to direct all employment reference inquiries to The Work Number ((800) 367-5690 or www.theworknumber.com), which provides proof of employment or proof of employment and income verification and no other information.

10. **Other Agreements By ROLAND.** ROLAND also agrees that:

(a) he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. ROLAND has not been coerced, threatened, or intimidated into signing this Agreement;

(b) he has been advised to consult with, and has in fact consulted with, his lawyers prior to signing this Agreement;

(c) he has been given a reasonable amount of time to consider the Agreement;

(d) he is not otherwise entitled to the consideration described in Paragraph 6;

    (e)    he has not suffered any on-the-job injury for which he has not already filed a workers' compensation claim; and

    (f)    he has been properly paid by FOOD SERVICES for all hours worked in compliance with state and federal law.

**11.** **Agreement Not To Publicize Settlement.** ROLAND and his lawyers agree that they will not publicize, discuss, disclose, or in any way convey information about the settlement to anyone in particular or to the public at large, whether in writing, orally, or electronically (including online, web, or internet postings; social media pages; and blogs), with the exception of written statements in required or agreed-to Court filings and verbal representations to the Court at any required or agreed-to conferences or hearings.

**12.** **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed signatures shall be considered the equivalent of an original signature.

**13.** **Entire Agreement.** This Agreement sets forth the entire agreement between ROLAND and DEFENDANTS regarding the parties' settlement, and supersedes any other written or oral statements, representations, communications, understandings, and agreements. No amendment or modification of the terms of this Agreement shall be binding on the parties unless reduced to writing and signed by ROLAND and DEFENDANTS.

**14.** **Severability.** ROLAND and DEFENDANTS agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2-3 is deemed to be illegal, invalid or unenforceable in whole or in part, DEFENDANTS' obligations under this Agreement shall be nullified.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

_Eric W. Roland_
ERIC W. ROLAND

Date: 12-16-14

_____
FOOD SERVICES MANAGEMENT BY MGR, LLC

Date: 12/17/14

_____
COMPASS GROUP USA, INC.

Date: 12/18/14